**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: Sergiu Opinca | ) | Case No. |
| | ) | |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| | ) | **Judge:** |
| | ) | |
| | ) | **Magistrate:** |
| v. | ) | July Demand Requested |
| | ) | |
| First Financial Asset MGMT, INC. | ) | |
| 3091 Governors Lake Drive, Suite 500 | ) | |
| Peachtree Corners, GA 30071 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Sergiu Opinca, brings this action to secure redress from unlawful collection practices engaged in by Defendant, First Financial Asset MGMT, INC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692f.

3. The Seventh Circuit Court of Appeals recently held in "[I]n sum, the meaning of Section 1692f(8) is clear: When a debt collector communicates with consumers through the mails, it may not sue any language or symbol on the envelope except for its business name or address, as long as the name does not indicate that he is in the debt collection business. *Preston v. Midland Credit Mgmt., Inc*. 948 F.3d 772 (7th Cir. 2020)

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff, Sergiu Opinca (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").

8. Plaintiff is a resident of the State of Illinois.

9. Defendant, First Financial Asset MGMT, Inc.. ("Defendant"), is an Ohio business entity with an address of 3091 Governors Lake Drive, Suite 400, Peachtree Corners, GA 30071, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).

10. Unless otherwise stated herein, the term "Defendant" shall refer to First Financial Asset MGMT, Inc.

11. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## STANDING

12. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

13. Defendant has told, or at least implied to, third parties about his financial problems.

14. Plaintiff's rights to privacy under Illinois common law have been violated by Defendant's conduct and this has caused him to be injured.

15. The United States Supreme Court has stated that any violation of rights that gives rise to no more than nominal damages, gives a

Plaintiff standing under Article III of the United States Constitution. *Uzuegbunam v. Preczewski*, 16-968, (US CT 2021).

## ALLEGATIONS

16. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $3073.97 (the "Debt") to an original creditor (the "Creditor")

17. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.

18. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

19. On February 20, 2021, Defendant mailed a collection letter to Plaintiff.  See Exhibit A.

20. The envelope is in a post card style format and on the front of it in the upper left hand area, it states "***Personal & Confidential*** Do not send correspondence to this address".  See Exhibit A.

21. The language in paragraph of this Complaint was not regarding the name of Defendant's business, nor was it part of assisting with getting this communication to the Plaintiff's Address.

22. The communication inside the letter was indeed a communication to attempt to collect a debt.

23. Defendant has violated 15 U.S.C. Section 1692f(8) by communicating with Plaintiff on the envelope of the debt collection letter.

## JURY DEMAND

24. Plaintiff demands a trial by jury.

**<u>PRAYER FOR RELIEF</u>**

25. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

                (1) Statutory damages;

                (2) Attorney fees, litigation expenses and costs of suit; and

                (3) Such other and further relief as the Court deems proper.

                        Respectfully submitted,

/s/ John Carlin

  John P. Carlin #6277222
  Suburban Legal Group, LLP
  1305 Remington Rd., Ste. C
  Schaumburg, IL 60173
  jcarlin@suburbanlegalgroup.com
  Attorney for Plaintiff